IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **WETRO LAN LLC,** | § § § | |
| Plaintiff, | § § | **CIVIL ACTION NO.** |
| v. | § § | **2:15-cv-215-RWS-RSP** |
| **BELDEN INC.,** | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

# DEFENDANT BELDEN INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant Belden Inc. ("Belden"), by and through its attorneys, hereby present its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Wetro Lan LLC's ("Wetro Lan") Original Complaint.

## NATURE OF THE ACTION

1. Belden admits that Wetro Lan has brought an action for patent infringement of United States Patent No. 6,795,918 (the "'918 Patent"), entitled "Service Level Computer Security," and admits that what purports to be a copy of the '918 Patent is attached as Exhibit A to the Original Complaint, but denies that this action has any legal merit. Belden is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 1 of the Original Complaint and therefore denies them.

## PARTIES

2. Belden is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Original Complaint and therefore denies them.

3. Belden admits the allegations contained in Paragraph 3 of the Original Complaint.

## JURISDICTION AND VENUE

4. Belden admits that Wetro Lan has brought an action for patent infringement under 35 U.S.C. § 1 *et seq.* and that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), but denies the remaining allegations contained in Paragraph 4 of the Original Complaint.

5. Belden admits that it regularly conducts business in the State of Texas, but denies the remaining allegations contained in Paragraph 5 of the Original Complaint.

6. Belden admits that it regularly conducts business in the State of Texas, but denies the remaining allegations contained in Paragraph 6 of the Original Complaint.

7. Belden admits that venue in this District is technically proper pursuant to 28 U.S.C. §§ 1391 and 1400(b), but denies that this forum is the most convenient forum for this action and the remaining allegations contained in Paragraph 7 of the Original Complaint.

## COUNT I – ALLEGED PATENT INFRINGEMENT

8. In response to Paragraph 8 of the Original Complaint, Belden repeats and realleges the preceding responses as if more fully set forth.

9. Belden admits that the face of the '918 Patent indicates that it was issued on September 21, 2004, but denies knowledge or information sufficient to form a belief as to the

truth or falsity of the remaining allegations contained in Paragraph 9 of the Original Complaint and therefore denies them.

10. Belden states that the '918 Patent is a written document, the terms of which speak for themselves and which are respectfully referred to the Court for their proper interpretation, scope, and application, and denies the allegations contained in Paragraph 10 of the Original Complaint.

11. Belden denies the allegations contained in Paragraph 11 of the Original Complaint.

12. Belden denies the allegations contained in Paragraph 12 of the Original Complaint.

13. Belden is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Original Complaint and therefore denies them.

14. Belden denies the allegations contained in Paragraph 14 of the Original Complaint.

## JURY DEMAND

Belden demands a trial by jury on any and all issues for which it is entitled to a trial by jury.

## PRAYER FOR RELIEF

Belden denies that Wetro Lan is entitled to any relief whatsoever against Belden in this action, either as prayed for in the Original Complaint or otherwise.

## AFFIRMATIVE DEFENSES

Further answering, Belden affirmatively alleges as follows. Belden reserves the right to add additional defenses as discovery progresses and as further information is obtained.

### FIRST AFFIRMATIVE DEFENSE

15. The Original Complaint fails to state a claim against Belden upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

16. As explained in more detail in its Counterclaims below (which are incorporated herein by reference), Belden does not infringe and has not infringed, either directly, contributorily, by inducement, or otherwise, any valid and enforceable claim of the '918 Patent, either literally or under the doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

17. As explained in more detail in its Counterclaims below (which are incorporated herein by reference), upon information and belief, some or all of the claims of the '918 Patent are invalid and unenforceable for failure to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 116, and/or 132.

### FOURTH AFFIRMATIVE DEFENSE

18. Plaintiff's recovery for alleged infringement of the '918 Patent, if any, is limited by 35 U.S.C. §§ 286, 287, and/or 288.

### FIFTH AFFIRMATIVE DEFENSE

19. Plaintiff's recovery for alleged infringement of the '918 Patent, if any, is limited by the expiration of the '918 Patent, which occurred on September 21, 2012.

### SIXTH AFFIRMATIVE DEFENSE

20. Plaintiff's recovery for alleged infringement of the '918 Patent, if any, is limited by the doctrine of intervening rights.

### SEVENTH AFFIRMATIVE DEFENSE

21. The claims of the Original Complaint against Belden are barred under the doctrines of unclean hands, intervening rights, waiver, estoppel, laches, acquiescence, and/or patent misuse.

### RESERVATION OF RIGHTS

22. Belden reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case. Such defenses may include the defense of inequitable conduct, which would render the Patent-in-Suit unenforceable.

### BELDEN'S COUNTERCLAIMS

### THE PARTIES

1. Belden is a corporation organized under the laws of the State of Delaware with a principal place of business located at 1 N. Brentwood Blvd., 15th Floor, St. Louis, MO 63105.

2. Wetro Lan alleges in its Complaint that it is a Texas limited liability company with a principal place of business located at 3400 Silverstone Drive STE 191-D, Plano, TX 75023.

### JURISDICTION AND VENUE

3. These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202.

4. This Court has subject matter jurisdiction over the parties and these counterclaims based on 28 U.S.C. §§ 1331, 1338, 2201-02 and under FED. R. CIV. P. 13(a) in that this is a compulsory counterclaim to the allegations of the Complaint.

5. This Court has personal jurisdiction over Wetro Lan by virtue of its appearance as Plaintiff in this action and its alleged principal place of business located in this District.

6. Wetro Lan has chosen this venue to enforce its patents. Venue is proper in this District because the declaratory relief sought is a compulsory counterclaim to claims filed by Wetro Lan in this case and pursuant to 28 U.S.C. §§ 1367 and 1391.

## FACTS

7. On or about March 17, 2015, Wetro Lan filed its Original Complaint in the United States District Court for the Eastern District of Texas, alleging that Belden infringes the '918 Patent.

8. Based upon the filing of the Original Complaint and the allegations contained therein, there exists an actual and justiciable controversy between Belden and Wetro Lan relating to at least Belden's alleged infringement, validity, and enforceability of the '918 Patent. Thus, Belden requests a declaration from the Court in its favor with respect to the Counts listed below.

9. Belden reserves the right to amend the currently pled counterclaims or to add additional counterclaims as they become apparent in the course of this action.

## FIRST COUNTERCLAIM

10. Belden repeats and realleges Paragraphs 1 through 9 of the Counterclaims as if fully set forth herein.

11. This is a counterclaim for declaratory judgment that the claims of the '918 Patent are not infringed by Belden.

12. Belden has not infringed and does not infringe (either literally or under the doctrine of equivalents) any valid and enforceable claim of the '918 Patent.

13. Furthermore, Belden has not knowingly or intentionally induced others, and does not knowingly or intentionally induce others, to infringe any valid and enforceable claim of the '918 Patent. Belden does not directly infringe any valid and enforceable claim of the '918 Patent. Moreover, Belden has no knowledge of direct infringement of the '918 Patent by any third-party, and has no specific intent to cause any third-party to directly infringe the '918 Patent. There can be no liability for induced infringement without an underlying act of direct infringement.

14. Additionally, Belden has never contributorily infringed, nor does it now contributorily infringe, any valid and enforceable claim of the '918 Patent. Belden's accused product has substantial, non-infringing uses, and is not knowingly made by PPC for use in an infringement of the '918 Patent. Moreover, there can be no liability for contributory infringement without an underlying act of direct infringement, and no such act has existed or exists.

15. Therefore, Belden is entitled to a declaratory judgment that it has not, and does not, directly, contributorily, or by inducement, infringed any valid and enforceable claim of the '918 Patent.

16. Belden is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

17. Belden repeats and realleges Paragraphs 1 through 15 as if fully set forth herein.

18. This is a counterclaim for declaratory judgment that the claims of the '918 Patent are invalid and/or unenforceable.

19. In the Original Complaint, Wetro Lan has asserted the '918 Patent against Belden.

9080893.5

20. Belden denies in its Answer that the '918 Patent is valid or enforceable.

21. Defendant does not infringe and has not infringed any valid or enforceable claim of the '918 Patent.

22. Upon information and belief, all claims of the '918 Patent are invalid under 35 U.S.C. §§ 102 and/or 103.

23. An actual and justiciable controversy exists between Wetro Lan and Defendant with respect to the validity and enforceability of the '918 Patent.

24. Accordingly, Defendant seeks declaratory judgment that the '918 Patent is invalid and/or unenforceable for failure to comply with one or more of the requirements of the Patent Laws, 35 U.S.C. § 1 *et seq.*, including, but not limited to, §§ 101, 102, 103, 112, 116, and/or 132.

25. Belden is entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Belden prays that judgment be entered against Wetro Lan as follows:

   a. Dismissing Wetro Lan's Original Complaint in its entirety with prejudice;

   b. Declaring that Belden does not and has not infringed any claim of the '918 Patent;

   c. Declaring that the claims of the '918 Patent are invalid and/or unenforceable;

   d. Declaring that this case is exceptional and that Belden is entitled to its reasonable attorneys' fees, expert fees, and costs incurred in connection with this action; and

   e. Granting to Belden such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Belden demands a trial by jury on any and all issues for which it is entitled to a trial by jury.

Dated: May 20, 2015

*/s/ Deron R. Dacus*
Deron R. Dacus
Texas State Bar No. 00790553
ddacus@dacusfirm.com
The Dacus Firm, PC
821 ESE Loop 323
Suite 430
Tyler, TX 75701
Tel: (903) 705-1117
Fax: (903) 705-1117

*Counsel for Defendant*
Belden Inc.

9080893.5

## **CERTIFICATE OF SERVICE**

   The undersigned certifies that a true and correct copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, the foregoing was served via e-mail on all counsel of record who are deemed to have consented to electronic service on May 20, 2015.

                */s/ Deron R. Dacus*
                Deron R. Dacus